UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

DAVID FITZGERALD,

                Plaintiff,

      - against -

ETSY, INC.,

                Defendant.

1:16-cv-03186 (WFK)(LB)

**ANSWER AND**
**AFFIRMATIVE DEFENSES**

---

Defendant Etsy, Inc. answers Plaintiff David Fitzgerald's Complaint as follows:

1. Defendant admits that Plaintiff purports to bring the claims described, but otherwise denies the allegations in Paragraph 1 of the Complaint.

2. Defendant admits that Plaintiff purports to invoke the Court's jurisdiction pursuant to the statutes listed in Paragraph 2 of the Complaint.

3. Defendant admits that venue is proper in the United States District Court for the Eastern District of New York, but otherwise denies the allegations in Paragraph 3 of the Complaint.

4. Defendant admits that Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission on April 12, 2016, alleging age discrimination. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 4 of the Complaint.

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint.

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint.

8. Defendant admits, on information and belief, the allegations in Paragraph 8 of the Complaint.

9. Defendant admits, on information and belief, the allegations in Paragraph 9 of the Complaint.

10. Defendant admits the allegations in Paragraph 10 of the Complaint.

11. Defendant admits the allegations in Paragraph 11 of the Complaint.

12. Defendant admits that it was and still is an online marketplace for handmade or vintage items and supplies, as well as unique manufactured items, but otherwise denies the allegations in Paragraph 12 of the Complaint.

13. Defendant admits the allegations in Paragraph 13 of the Complaint.

14. Defendant denies the allegations in Paragraph 14 of the Complaint.

15. Defendant admits, on information and belief, the allegations in Paragraph 15 of the Complaint.

16. Defendant denies the allegations in Paragraph 16 of the Complaint.

17. Defendant admits that Plaintiff commenced his employment with Defendant on April 8, 2014, as a temporary recruiter, and on October 29, 2014, Plaintiff was hired as a full-time Recruiter. Defendant otherwise denies the allegations in Paragraph 17 of the Complaint.

18. Defendant admits that Plaintiff reported to a male Director, whose date of birth is January 29, 1979, for a portion of his employment with Defendant, but otherwise denies the allegations in Paragraph 18 of the Complaint.

19. Defendant admits that Plaintiff recruited talent for its finance, legal, marketing, and research departments, but otherwise denies the allegations in Paragraph 19 of the Complaint.

20. Defendant admits that it did not engage in a practice of providing its employees with annual written performance appraisals, but otherwise denies the allegations in Paragraph 20 of the Complaint.

21. Defendant admits that its employees can recognize a fellow employee's adherence to its company values by giving an Etsy Value Award and admits that Plaintiff received an Etsy Value Award, but otherwise denies the allegations in Paragraph 21 of the Complaint.

22. Defendant denies the allegations in Paragraph 22 of the Complaint.

23. Defendant admits the allegations in Paragraph 23 of the Complaint.

24. Defendant denies the allegations in Paragraph 24 of the Complaint.

25. Defendant denies the allegations in Paragraph 25 of the Complaint.

26.     Defendant admits that Plaintiff was placed on a 30-day Performance Improvement Plan ("PIP") on January 21, 2016, but otherwise denies the allegations in Paragraph 26 of the Complaint.

27.     Defendant admits that the PIP outlined several of Plaintiff's performance deficiencies, but otherwise denies the allegations in Paragraph 27 of the Complaint.

28.     Defendant denies the allegations in Paragraph 28 of the Complaint.

29.     Defendant admits that Plaintiff's employment was terminated on February 26, 2016, but otherwise denies the allegations in Paragraph 29 of the Complaint.

30.     Defendant denies the allegations in Paragraph 30 of the Complaint.

31.     Defendant admits that after Plaintiff's employment terminated, Defendant hired a new recruiter who is female and younger than Plaintiff, but otherwise denies the allegations in Paragraph 31 of the Complaint.

32.     Defendant denies the allegations in Paragraph 32 of the Complaint.

33.     Defendant denies the allegations in Paragraph 33 of the Complaint.

34.     Defendant admits that various management-level employees were aware of Plaintiff's gender, but otherwise denies the allegations in Paragraph 34 of the Complaint.

35.     Defendant denies the allegations in Paragraph 35 of the Complaint.

36.     Defendant denies the allegations in Paragraph 36, including subparts (a) through (h), of the Complaint.

37.     Defendant admits that Plaintiff complained of purported age and gender discrimination on February 11, 2016, but otherwise denies the allegations in Paragraph 37 of the Complaint.

38.     Defendant denies the allegations in Paragraph 38 of the Complaint.

39.     Defendant admits that Plaintiff's employment was terminated effective February 26, 2016, but otherwise denies the allegations in Paragraph 39 of the Complaint.

40.     Defendant admits that Plaintiff's employment was terminated for performance reasons on February 26, 2016, but otherwise denies the allegations in Paragraph 40 of the Complaint.

41.     Defendant denies the allegations in Paragraph 41 of the Complaint.

42.     Defendant admits the allegations in Paragraph 42 of the Complaint.

43.     Defendant admits that Plaintiff sent an e-mail to Chad Dickerson and Brian Christman on February 11, 2016, that alleged age and gender discrimination, but denies that Defendant engaged in any discriminatory conduct with respect to Plaintiff.

44.     Defendant denies the allegations in Paragraph 44 of the Complaint.

45.     Defendant denies the allegations in Paragraph 45 of the Complaint.

46.     Defendant denies the allegations in Paragraph 46 of the Complaint.

47.     Defendant denies the allegations in Paragraph 47 of the Complaint.

48.     Defendant denies the allegations in Paragraph 48 of the Complaint.

49. Defendant repeats and restates each of the above responses as if fully set forth herein.

50. Defendant denies the allegations in Paragraph 50 of the Complaint.

51. Defendant denies the allegations in Paragraph 51 of the Complaint.

52. Defendant denies the allegations in Paragraph 52 of the Complaint.

53. Defendant repeats and restates each of the above responses as if fully set forth herein.

54. Defendant denies the allegations in Paragraph 54 of the Complaint.

55. Defendant denies the allegations in Paragraph 55 of the Complaint.

56. Defendant denies the allegations in Paragraph 56 of the Complaint.

57. Defendant denies the allegations in Paragraph 57 of the Complaint.

58. Defendant repeats and restates each of the above responses as if fully set forth herein.

59. Defendant denies the allegations in Paragraph 59 of the Complaint.

60. Defendant denies the allegations in Paragraph 60 of the Complaint.

61. Defendant denies the allegations in Paragraph 61 of the Complaint.

62. Defendant repeats and restates each of the above responses as if fully set forth herein.

63. Defendant denies the allegations in Paragraph 63 of the Complaint.

64. Defendant denies the allegations in Paragraph 64 of the Complaint.

65. Defendant denies the allegations in Paragraph 65 of the Complaint.

66. Defendant repeats and restates each of the above responses as if fully set forth herein.

67. Defendant denies the allegations in Paragraph 67 of the Complaint.

68. Defendant denies the allegations in Paragraph 68 of the Complaint.

69. Defendant denies the allegations in Paragraph 69 of the Complaint.

70. Defendant repeats and restates each of the above responses as if fully set forth herein.

71. Defendant denies the allegations in Paragraph 71 of the Complaint.

72. Defendant denies the allegations in Paragraph 72 of the Complaint.

73. Defendant denies the allegations in Paragraph 73 of the Complaint.

74. Defendant repeats and restates each of the above responses as if fully set forth herein.

75. Defendant denies the allegations in Paragraph 75 of the Complaint.

76. Defendant denies the allegations in Paragraph 76 of the Complaint.

77. Defendant denies the allegations in Paragraph 77 of the Complaint.

78. Defendant repeats and restates each of the above responses as if fully set forth herein.

79. Defendant denies the allegations in Paragraph 79 of the Complaint.

80. Defendant denies the allegations in Paragraph 80 of the Complaint.

81. Defendant denies the allegations in Paragraph 81 of the Complaint.

82. Defendant denies that Plaintiff is entitled to any of the relief set forth in the "WHEREFORE" Paragraph of the Complaint and each subpart thereof.

83. Except as expressly admitted herein, Defendant denies each and every allegation set forth in the Complaint and denies that Plaintiff is entitled to any relief whatsoever.

84. Defendant denies that there are any triable issues of fact in this action.

## FIRST SEPARATE AND AFFIRMATIVE DEFENSE

85. The Complaint fails to state a claim upon which relief may be granted.

## SECOND SEPARATE AND AFFIRMATIVE DEFENSE

86. Plaintiff's claims for relief are or may be barred, in whole or in part, by the equitable doctrines of waiver, laches, estoppel, consent, and/or unclean hands.

### THIRD SEPARATE AND AFFIRMATIVE DEFENSE

87. Plaintiff's claims are barred because Defendant had reasonable, non-discriminatory and non-retaliatory business reasons for its actions with respect to Plaintiff.

### FOURTH SEPARATE AND AFFIRMATIVE DEFENSE

88. Plaintiff's claims for relief are barred if and to the extent Plaintiff failed to exhaust his administrative remedies.

### FIFTH SEPARATE AND AFFIRMATIVE DEFENSE

89. Plaintiff's claims for relief are barred, in whole or in part, to the extent Plaintiff failed to mitigate any of the damages alleged in the Complaint.

### SIXTH SEPARATE AND AFFIRMATIVE DEFENSE

90. Defendant is not liable for punitive damages because it did not commit any unlawful acts with willful, malicious, or reckless indifference to the protected rights of Plaintiff, nor did it authorize or ratify any such practices.

### SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

91. Defendant engaged in good faith efforts to comply with applicable laws and otherwise acted within the scope of the exceptions to vicarious liability for punitive damages enumerated by the Supreme Court in *Kolstad v. American Dental Association*, 527 U.S. 526 (1999).

## EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE

92. Plaintiff lacks a good faith factual basis for his claims, in whole or in part, thereby entitling Defendant to an award of its attorneys' fees, costs, and expenses incurred in defending this action.

## NINTH SEPARATE AND AFFIRMATIVE DEFENSE

93. Defendant reserves the right, pending completion of discovery, to assert any additional defenses that may exist.

WHEREFORE, Defendant respectfully requests that the Complaint be dismissed with prejudice in its entirety and that Defendant be awarded its attorneys' fees and costs and such other and further relief as the Court deems just and proper. Defendant does not consent to a trial by jury of any issue not required by law to be tried before a jury, including, but not limited to, any determination of equitable remedies.

Dated: New York, New York
August 15, 2016

PAUL HASTINGS LLP

/s/ Emily R. Pidot
By: Emily R. Pidot
Kevin P. Broughel
Elizabeth A. Vanderlinde

200 Park Avenue
New York, NY 10166
(212) 318-6000
emilypidot@paulhastings.com
kevinbroughel@paulhastings.com
elizabethvanderlinde@paulhastings.com

*Attorneys for Defendant*
ETSY, INC.